[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiffs concerning property on Platt Street in Ansonia wherein the plaintiffs prayed judgment determining the rights of the parties in and to said land and quieting and settling title to the fee thereof in the plaintiffs or quieting or settling in the plaintiffs such lesser estate as maybe indicated by the facts found by the court.
The property in question is indicated as Lot #9 on Plaintiff's Exhibit F. This exhibit is a "Map of Property — owned by — William G. Tanner — Ansonia, Conn. — Scale : 1" = 50' — June 15th — 1931." The lot is bounded:
 "Easterly by Platt Street, 100 feet; Southerly by Lot #10 on said map, now owned by Edwin Tingley and Hannah Tingley, 150 feet; Westerly by Lot #8, as shown on said map, now owned by Grantor, 100 feet, and Northerly by proposed private road, 150 feet more or less."
CT Page 7966
The property was deeded by William G. Tanner to John Blake and Elizabeth Blake by a warranty deed dated October 14, 1940. The deed also stated:
 "Said proposed private road has not been dedicated as a highway and no rights of user are hereby conveyed."
The Real Estate Record of the Assessor of Ansonia concerning the house on the property states: "Buildings — Year Built — 1940" Plaintiff's Exhibit E.
On this property the Blake's had built the house shown in Plaintiff's Exhibit D-1. The house is located close to the Westerly edge of Lot #9, the house at various points being 16.08 feet, 8.65 feet and 5.87 feet from that edge. Plaintiff's Exhibit C. The house was so placed obviously because of the contours of Lot #9 Which slopes steeply up to the east. Sheet 2 of Plaintiff's Exhibit A. That shows that the elevation of the southerly part of Lot #9 is approximately 15 feet higher than on the northerly part of the lot And, because it was obviously more convenient to do so, the garage for the property was built under the house on the northerly side of the property. Plaintiff's Exhibit D-4. The Blakes then had driveway built from Platt Street to the garage, going westerly an then curving to the south to the door of the garage. This driveway except for perhaps the last 5 feet which is on the Blake's property was all on the land indicated as "Proposed Private Road" on Plaintiff's Exhibit F. Plaintiff's Exhibit C shows the location of the driveway in this "Proposed Private Road". Anyone driving along Platt Street in either direction could see the location of this driveway and its situation with regard to the Blake's house.
This property was conveyed to Nicholas Collicelli and Christine Collicelli on August 12, 1976, Plaintiff's Exhibit G-10, after the Blakes had died. So the Blakes lived on and used the driveway for over 30 years.
The statute that applies to this situation is 47 — 37 — of the General Statutes. It reads:
 "No person may acquire a right-of-way or any other easement from, in, upon or over land of another, by the adverse use or enjoyment thereof, unless the use has been continued CT Page 7967 uninterruptedly for fifteen years."
From the above facts the Blakes acquired a right of way over the land owned by William Tanner by using the driveway from Platt Street to their garage uninterruptedly for well over fifteen years.
The easement of the right of way attached to Lot 39 and was not personal to the Blakes because it was used to give access to the garage on their property from Platt Street. There is no evidence whatsoever that William Tanner challenged the right of way used by the Blakes over the 30 years the driveway was used.
As the easement of the right of way was appurtenant to the land in Lot #9, it was transferred to the Collicellis and then to the plaintiffs.
It was an easement of a right of way to use the area shaded in grey on Plaintiff's Exhibit C to drive cars to and from the garage under the house. The easement of the right of way does not include the right to park the trailer shown in Plaintiff's Exhibit D-2 and D-3, which is not in the driveway.
The court does not find that the plaintiff's have the right to use any other part of the area outlined in yellow and green on Plaintiff's Exhibit C. Nor does the court find that the plaintiffs right to use the area colored grey in that same exhibit is exclusive of any other person.
The court notes that neither the plaintiff nor their predecessors paid taxes on the area in question.
THOMAS J. O'SULLIVAN, TRIAL REFEREE